UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jerry Jackson, # 81094-071, | ) | **C/A No. 6:05-1437-GRA-WMC** |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Report and Recommendation |
| | ) | |
| United States of America; and | ) | |
| John J Lamanna, Warden, | ) | |
| | ) | |
| Respondents. | ) | |

_____

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 has been submitted to the Court by a federal prison inmate, *pro se*.[1]  Petitioner was convicted by this Court in July 2001 following a guilty plea to one court of bank robbery under 18 U.S.C. § 2113(a).  *See* USA v. Jackson, Criminal Action no. 6:01-00439-GRA.  In December 2001, he was given a 151-month sentence, which he is currently serving at FCI-Edgefield in Edgefield, South Carolina.  Petitioner's conviction and sentence were affirmed on direct appeal, and his initial § 2255 was denied as untimely.  On appeal, the Fourth Circuit Court of Appeals agreed with this Court's denial of a certificate of appealability in his § 2255 case.  *See* Jackson v. USA , Civil Action no. 6:03-3664 -GRA.

In the present case, Petitioner is attempting to raise similar involuntary plea issues to those that were briefly discussed and found lacking by the Fourth Circuit in its unpublished opinion on Plaintiff's direct appeal.  *See* U.S. v. Jackson, 2002 WL 1492619 (4th Cir., Jul 15, 2002)(unpublished opinion).  Petitioner claims that the Court committed violations of Federal Rule of Criminal

_____

[1] Pursuant to 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court.  *See also* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Procedure 11, and that his plea was therefore involuntary because, according to Petitioner, the plea colloquy was inadequate to fully inform Petitioner about the possibility of application of sentencing enhancements for violence and for career criminal status. He claims he is "actually innocent" of the charge he pled to because was not permitted to challenge the Court's finding that intimidation (violence) was used in the bank robbery to which Petitioner pled guilty, and because, as a result of his allegedly involuntary plea, enhancements for violence and career criminal status were applied to his sentence. Finally, he claims that because his counsel did not obtain an evidentiary hearing on the "applicability of the career offender enhancement" . . . "prosecution evidence on the intimidation action [sic][element] were fabricated and perjured." Petitioner's Memorandum, at 18. Petitioner does not state whether or not he has requested permission pursuant to 28 U.S.C. § 2244 from the Fourth Circuit to file a second or successive § 2255 motion to raise his current claims that clearly question the underlying validity of his conviction and sentence.

## <u>PRO SE REVIEW</u>

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: <u>Denton v. Hernandez</u>, 504 U.S. 25 (1992); <u>Neitzke v. Williams</u>, 490 U.S. 319, 324-25 (1989); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); <u>Nasim v. Warden, Maryland House of Correction</u>, 64 F.3d 951 (4th Cir. 1995); <u>Todd v. Baskerville</u>, 712 F.2d 70 (4th Cir. 1983); <u>Boyce v. Alizaduh</u>, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *see* <u>Gordon v. Leeke</u>, 574 F.2d 1147,

2

1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. *See* Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See* Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Petition submitted in this case is subject to summary dismissal.

## DISCUSSION

The Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed in this case should be dismissed because Petitioner's claims about the validity of his guilty plea and his sentence are only cognizable under 28 U.S.C. § 2255, not under 28 U.S.C. § 2241. Prior to enactment of 28 U.S.C. § 2255, the only way a federal prisoner could collaterally attack a federal conviction was through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See* Triestman v. United States, 124 F.3d 361, 373 (2d Cir. 1997). In 1948, Congress enacted § 2255 primarily to serve as a more efficient and convenient substitute for the traditional habeas corpus remedy. In doing so, Congress did not completely foreclose the use of § 2241 as a remedy for federal prisoners under limited circumstances. Section 2241 remains an option whenever a § 2255 motion is "inadequate or ineffective" to test the legality of a prisoner's detention. *See* In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997).

3

However, since the passage of § 2255, § 2241 has been found to be a valid means of court review only in limited situations.  For example, it has been found available in  actions challenging the administration of parole, *see* <u>Doganiere v. United States</u>, 914 F.2d 165, 169-70 (9th Cir. 1990); computation of good time or jail time credits, *see* <u>McClain v. United States Bureau of Prisons</u>, 9 F.3d 503, 504-05(6th Cir. 1993); prison disciplinary actions, *see* <u>United States v. Harris</u>, 12 F.3d 735, 736 (7th Cir. 1994); or imprisonment allegedly beyond the expiration of a sentence.  *See* <u>Atehortua v. Kindt</u>, 951 F.2d 126, 129-30 (7th Cir. 1991).  Essentially, applicable case law shows that § 2241 is an appropriate basis for a habeas petition where a prisoner challenges the execution of his/her sentence, but it is not generally available where the underlying validity of the conviction and sentence is being challenged.  *See* <u>Charles v. Chandler</u>, 180 F.3d 753, 756 (6th Cir. 1999)(collecting cases from other circuits).  According to at least one court, "a prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255."  <u>Waletzki v. Keohane</u>, 13 F.3d 1079, 1080 (7th Cir. 1994).

In this case, Petitioner's allegations of involuntary plea, ineffective assistance of counsel and improper application of sentencing guidelines all go to the underlying validity of his conviction and sentence rather than to the manner of execution of the sentence.  Such matters are not properly considered under § 2241 unless Petitioner can come within the so-called "savings clause" of § 2255 by showing that this is an exceptional case where 28 U.S.C. § 2255 is neither an adequate nor effective remedy for those issues.  *See* <u>In re Vail</u>; <u>Tanksley v. Warden</u>, 2000 WL 1140751(6th Cir., Aug. 08, 2000)(unpublished opinion); <u>Ward v. Snyder</u>, 2000 WL 1871725 (6th Cir., Dec. 12, 2000)(unpublished opinion); <u>Gonzales v. Snyder</u>, 2000 WL 636908 (8th Cir., May 18, 2000)(same); <u>Elzie v. Pugh</u>,1999 WL 734453 (10th Cir., Sept. 21, 1999)(same); <u>Onaghise v. Bailey</u>, 1999 WL

4

613461 (9th Cir., Aug. 12, 1999)(same). With regard to the application of the "savings clause" of § 2255, it is settled in this circuit that the possibility that a second § 2255 motion if filed by Petitioner at this time in order to raise the issues raised in this case might be found untimely or successive does not render the § 2255 remedy inadequate or ineffective. *See* In Re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997)(*en banc*). In this case, Petitioner does not, and cannot in good faith, claim that the § 2255 remedy is "inadequate or ineffective" because he is unable to file another § 2255 Petition to properly raise the issues of conviction/sentence invalidity that he seeks to raise. He is unable to make such a claim because it does not appear that he has even asked the Fourth Circuit Court of Appeals, pursuant to 28 U.S.C. § 2244, to consider whether he should be permitted to file a second § 2255 motion.

Instead of arguing that the § 2255 remedy is inadequate and ineffective because of timeliness problems, Petitioner attempts to come under the § 2255 savings clause in this case by claiming that he is actually innocent of the charge to which he pled guilty.[2] Some courts have permitted such claims to be raised in § 2241 petitions under the § 2255 savings clause even though, technically, such claims impugn the underlying validity of a conviction. However, Petitioner's claims that the Court erred in accepting his guilty plea to bank robbery despite his claim that he did not "intimidate" the victim of the robbery, and that he was not fully informed of the possibility of sentencing enhancements that were applied for violence and career criminal status are not the type of claims that have been found to fall within the actual innocence claims coming within the § 2255 savings clause.

---

[2] This "actual innocence" assertion appears to the be the most recent "alternative" to the "inadequate and ineffective" remedy argument generally raised by prisoners who, essentially, attempt to receive an improper "second bite of the apple" by filing § 2241 petitions collaterally attacking convictions and sentences following unsuccessful initial § 2255 motions.

5

Cognizable claims of actual innocence are extremely rare and must be based on "factual innocence not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998). Prisoners often assert "actual innocence" rather than, or in addition to, "inadequacy and ineffectiveness of remedy" in situations like the present, *i.e.*, where a direct appeal is unsuccessful (or the time for appeal has expired) and an initial § 2255 motion is also unsuccessful, but the petitioner wishes to file a second or successive writ to raise a "new" issue. Such claims are also often raised where the prisoner has committed a procedural default precluding one or more available remedies. In such cases, there is some authority for the proposition that even if the prisoner cannot establish cause and prejudice for the failure to raise the issue(s) previously, he or she can still possibly obtain review of his or her additional constitutional claims by showing that his or her case "falls within a narrow class of cases implicating a fundamental miscarriage of justice. Proving 'actual innocence' is a way to demonstrate that one's case falls within that narrow class." Cornell v. Nix, 119 F.3d 1329, 1333 (8th Cir. 1997).

Petitioner's actual innocence claim is facially inadequate to require consideration on the merits because Petitioner does not allege that there is any new, reliable evidence of any type that was not presented in any of his prior court proceedings which supports his innocence of the bank robbery charge to which he pled guilty. *See* Schlup v. Delo, 513 U.S. 298, 324 (1995)(to present a credible claim of actual innocence, petitioner must "support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial"); Thompson v. United States, 211 F.3d 1270 (6th Cir. 2000)(Table)(text available on Westlaw)(bare allegations of actual innocence as to the charge to which the Petitioner pleaded guilty are not facially adequate to invoke exceptional

6

review of a conviction under § 2241).  Petitioner makes an illogical, unsupported claim that his guilty plea and sentence were somehow based on "fabricated and perjured" evidence because of the alleged inadequacies in the guilty plea colloquy; however, other than Petitioner's unsupported claim that such is the case, there is nothing supporting that claim.  In sum, nothing in this case presents more than an unsupported allegation of actual  innocence which requires this Court to "decline to address whether [Petitioner's] claim of 'actual innocence' allows [him] to bypass the gatekeeping requirements of the amended § 2255 and proceed with a § 2241 habeas corpus petition via § 2255's savings clause."  United States v. Lurie, 207 F.3d 1075, 1077 n. 4 (8th Cir.  2000).

## RECOMMENDATION

Accordingly, it is recommended that the § 2241 Petition in this case be dismissed *without prejudice* and without requiring Respondents to file a return.  *See* Allen v. Perini, 424 F.2d 134, 141 (6th Cir.1970)(federal district courts have duty to screen habeas corpus petitions and eliminate burdens placed on respondents caused by ordering an unnecessary answer or return); Baker v. Marshall, 1995 WL 150451 (N.D. Cal. March 31, 1995)("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996.  Petitioner's attention is directed to the important notice on the next page.

s/William M. Catoe
United States Magistrate Judge

May 31, 2005
Greenville, South Carolina

7

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
### &
### The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D. Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *See* Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991); *see also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard,, the court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant); Goney v. Clark, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 10768**
**Greenville, South Carolina 29603**